[Cite as *Hudson v. Cooper*, 2016-Ohio-1193.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| CITY OF HUDSON | C.A. No.    27710 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| DARREN COOPER, et al. | |
| Appellants | CASE No.    2014 CVI 3225 |

DECISION AND JOURNAL ENTRY

Dated: March 23, 2016

---

HENSAL, Judge.

{¶1}    Defendants-Appellants, Darren and Amy Cooper, appeal from a judgment of the Stow Municipal Court, granting default judgment in favor of Plaintiff-Appellee, the City of Hudson.  For the following reasons, this Court affirms.

I.

{¶2}    There is no dispute that Defendants-Appellants, Darren and Amy Cooper (collectively, the "Coopers"), did not pay certain municipal income taxes to the City of Hudson (the "City") for the years of 2012 and 2013.  As a result, the Coopers worked with the Regional Income Tax Agency to establish a payment plan, and agreed to pay $90.00 per month until they satisfied the outstanding balance.  As they readily admit in their merit brief, the Coopers failed to make several payments.  The City notified the Coopers of their default, and the parties established a new payment plan wherein the Coopers agreed to pay $75.00 per month.

{¶3} Shortly thereafter, the City filed a complaint against the Coopers in the Stow Municipal Court, seeking to recover the outstanding taxes, including penalties and interest. The Coopers did not file an answer or otherwise respond to the complaint. Over one month after the City filed suit, the Magistrate held a hearing on the matter. The Coopers did not attend, nor did they move for a continuance. At the hearing, the City presented evidence regarding the Coopers' nonpayment and requested a judgment in the amount of $834.03. The Magistrate rendered a decision, granting judgment in favor of the City and notifying the Coopers that their failure to object to his decision could result in forfeiture of those issues for appeal. *See* Civ.R. 53(D)(3)(a)(iii). The Coopers, however, did not file objections to the Magistrate's decision, and the trial court ultimately adopted his decision. The Coopers now appeal the trial court's decision, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THIS JUDG[]MENT SUIT MADE AGAINST THE APPELLANTS WAS UNNECESSARILY AND PREMATURELY FILED, AS THE APPELLANTS WERE MAKING MONTHLY PAYMENTS PER A PAYMENT PLAN, AS AGREED BY BOTH PARTIES, THE APPELLEE AND THE APPELLANTS.

{¶4} In their sole assignment of error, the Coopers argue that the trial court erred by granting default judgment against them because the City unnecessarily and prematurely filed suit. We, however, decline to address the merits of the Coopers' argument because they failed to preserve this issue for appeal. In this regard, Civil Rule 53(D)(3)(b)(iv) provides the following:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶5}** Unfortunately, the Coopers did not object to the Magistrate's decision and, therefore, have forfeited all but plain error on appeal. *See Ilg v. Ilg*, 9th Dist. Summit No. 23987, 2008-Ohio-6792, ¶ 6. The Coopers, however, have not presented a plain-error argument on appeal, and we decline to construct an argument on their behalf. *State v. White*, 9th Dist. Summit Nos. 23955, 23959, 2008-Ohio-2432, ¶ 33 ("[T]his Court will not construct a claim of plain error on behalf of an appellant who fails to raise such an argument in her brief."). Accordingly, the Coopers' assignment of error is overruled.

## III.

**{¶6}** Darren and Amy Cooper's assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DARREN COOPER and AMY COOPER, pro se, Appellants.

AMY L. ARRIGHI and AMBER E. GREENLEAF, Attorneys at Law, for Appellee.